Santos Buxó, Jr., Plaintiff and Appellee, *v.* Emigdio Osvaldo Sellés Roldán et al., Defendants and Appellants.

No. 6683.   Argued May 28, 1934.—Decided May 29, 1934.

*Burset & Pérez Pimentel* for appellants.   *González Fagundo & González, Jr.,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

In this case judgment was rendered on March 13, 1934, ordering the defendants to pay to the plaintiff the sum of $800, with costs.   On March 15, 1934, the defendants were notified of this judgment, and on April 17 of the same year they took an appeal therefrom.   The plaintiff says that the term of 30 days in which to appeal from said judgment expired on April 14 of the present year, and, since it may not be extended because it is a jurisdictional term, the appeal taken by the defendants should be dismissed.

Under date of April 20, 1934, the clerk of the District Court of Humacao certified that notice was served on the defendants of the judgment rendered against them, "and a copy of the said notice attached to the record." The defendants argue that the date on which the notice of the judgment was filed does not in any way appear from this certificate and that, as the term for appeal is counted from the date on which the said notice is filed by the clerk of the court with the record of the case, the dismissal does not lie inasmuch as the appeal was taken before the term to appeal fixed by law had expired.

The appellants are right. The clerk certifies that he attached a copy of the notice to the record, but he does not say, nor can it be determined from his words, when the said notice was attached to the record. The terms for appeal are jurisdictional (*fatales*). With this in mind, the lawmaker has intended to fix with certainty the date on which the time for appeal begins to run. And it is necessary to follow strictly the provisions of the statute in order to know exactly when the term within which an appeal may be taken begins and expires. Section 2 of the Act of March 9, of 1911, amending the first subdivision of section 295 of the Code of Civil Procedure, provides that "such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers." This is a date which should be shown clearly in order that the provisions of the statute may be complied with, and which should not be left in doubt as happens in the present case.

The motion to dismiss must be denied.